UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JARED SCHWARTZ** <br> Care of: <br> **Mezibov Butler** <br> **615 Elsinore Place, Suite 105** <br> **Cincinnati, OH 45202** <br> <br> Plaintiff, <br> <br> vs. <br> <br> **CLERMONT COUNTY** <br> **SHERIFF'S OFFICE** <br> **4470 OH-222** <br> **Batavia, Ohio 45103** <br> <br> and <br> <br> **CLERMONT COUNTY, OHIO** <br> **101 E. Main Street** <br> **Batavia, OH 45103** <br> <br> and <br> <br> **SHERIFF ROBERT LEAHY** <br> **In his official and individual capacity** <br> **4470 OH-222** <br> **Batavia, Ohio 45103** <br> <br> and <br> <br> **JEFFREY GAFFNEY** <br> **In his official and individual capacity** <br> **4470 OH-222** <br> **Batavia, Ohio 45103** <br> <br> and | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. 1:19cv00453 <br> <br> Judge |

- 2 -

| | |
|---|---|
| **JOSHUA OBERSCHLAKE** | : |
| In his official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
| and | : |
| | : |
| **TIM HENDERSHOT** | : |
| In his official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
| and | : |
| | : |
| **DAWN RIOS** | : |
| In her official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
| and | : |
| | : |
| **SAM DUNN** | : |
| In his official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
| and | : |
| | : |
| **AARON WOOLLARD** | : |
| In his official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
| and | : |
| | : |
| **MICHAEL ASHLEY** | : |
| In his official and individual | : |
| capacity | : |
| 4470 OH-222 | : |
| Batavia, Ohio 45103 | : |
| | : |
|                 Defendants. | : |

## COMPLAINT AND JURY DEMAND

Plaintiff Jared Schwartz, for his Complaint against Defendants, Clermont County Sheriff's Office, Clermont County, Ohio, Sheriff Robert Leahy, Jeffrey Gaffney, Joshua Oberschlake, Tim Hendershot, Dawn Rios, Sam Dunn, Aaron Woollard, and Michael Ashley, states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of an incident that occurred at the Clermont County Jail on February 17, 2018. Specifically, Mr. Schwartz alleges that he suffered severe and permanent injuries after being subjected to excessive and objectively unreasonable force intentionally applied against him by seven officers employed by the Clermont County Sheriff's Office.

2. Mr. Schwartz brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional right to due process under the Fourteenth Amendment of the United States Constitution which prohibits the use of excessive and objectively unreasonable force by law enforcement officials against a pretrial detainee.

3. Mr. Schwartz seeks compensatory damages for the economic and non-economic injuries he suffered as a proximate result of Defendants' actions, punitive damages, costs, and reasonable attorney fees.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Schwartz's claims pursuant to 28 U.S.C. § 1331.

5. Venue with this Court is appropriate because the actions complained of herein occurred within the Southern District of Ohio.

### III. PARTIES

6. Plaintiff Jared Schwartz is a United States citizen who, at all times relevant hereto, was a pretrial detainee in the Clermont County Jail.

7. Defendant Clermont County Sheriff's Office ("CCSO") is a law enforcement agency and a department of Clermont County, Ohio.

8. Defendant Sheriff Robert Leahy, at all times relevant hereto, was the Clermont County Sheriff. Sheriff Leahy was responsible for training, supervising, and disciplining employees and agents of the CCSO. At all times relevant hereto, Sheriff Leahy acted under color of state law. Sheriff Leahy is sued in his individual and official capacity.

9. Defendant Jeffrey Gaffney is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Gaffney acted under color of state law. Officer Gaffney is sued in his individual and official capacity.

10. Defendant Joshua Oberschlake is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Oberschlake acted under color of state law. Officer Oberschlake is sued in his individual and official capacity.

11. Defendant Tim Hendershot is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Hendershot acted under color of state law. Officer Hendershot is sued in his individual and official capacity.

12. Defendant Dawn Rios is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Rios acted under color of state law. Officer Rios is sued in her individual and official capacity.

13. Defendant Sam Dunn is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Dunn acted under color of state law. Officer Dunn is sued in his individual and official capacity.

14. Defendant Aaron Woollard is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Woollard acted under color of state law. Officer Woollard is sued in his individual and official capacity.

15. Defendant Michael Ashley is a Corrections Officer at the Clermont County Jail. At all times relevant hereto, Officer Ashley acted under color of state law. Officer Ashley is sued in his individual and official capacity.

## IV. STATEMENT OF THE CASE

### The Incident

16. Mr. Schwartz was admitted as a pretrial detainee at the Clermont County Jail on February 8, 2018.

17. Mr. Schwartz was in his jail cell on the morning of February 17, 2018.

18. At approximately 7:30am on February 17, 2018, Officers Woollard, Hendershot, and Gaffney initiated contact with Mr. Schwartz on the pretense of delivering a breakfast tray to him.

19. Shortly after handing Mr. Schwartz his tray, and without any legitimate or reasonable cause to believe that he posed an imminent threat of harm to himself or others, the officers attacked Mr. Schwartz. More specifically, Officer Woollard grabbed Mr. Schwartz and threw him to the ground, where upon Mr. Schwartz's head hit a metal "pipe chase door." Officers surrounded Mr. Schwartz, hitting his ribs, abdomen, shoulders, back, and head, all while Mr. Schwartz was on his hands and knees in a defenseless

position. Officers Ashley, Rios, Oberschlake, and Dunn entered the cell moments later following a call from either Officer Woollard, Hendershot, or Gaffney.

20. While Mr. Schwartz was being attacked, Officer Gaffney attempted to use a can of pepper spray on Mr. Schwartz's face. However, because the can malfunctioned, Officer Gaffney, with the can of spray still in his hand, struck Mr. Schwartz in the face repeatedly with punches. According to witnesses, Mr. Schwartz was punched in the face at least ten times.

21. At some point after the initial attack, Officer Oberschlake entered the scene and began delivering knee strikes to Mr. Schwartz's upper back and head.

22. Eventually, Mr. Schwartz was handcuffed and placed on his back. While Mr. Schwartz was defenseless, Officer Gaffney delivered a dropped knee to Mr. Schwartz's torso, stating "here's one for the road," followed by several knee strikes to Mr. Schwartz's ribs. While the officers dragged Mr. Schwartz out of his cell, Officer Hendershot walked up behind Mr. Schwartz and kicked him in the buttocks. Following the incident, Officer Gaffney, while laughing, relayed to the other officers that he had "teed off on [Mr. Schwartz's] face."

23. Following the beating, Mr. Schwartz had a bloody nose, bruises and contusions on his forehead, signs of a skull fracture, and scratches on his body. Mr. Schwartz was given little medical attention from a doctor in the jail and was placed in a single unit in the booking area for approximately seven and a half hours. Only then was he placed in a Sherriff's vehicle and taken to Mercy Health for treatment.

24. Mr. Schwartz's care at Mercy revealed that, as a result of the beating, he had suffered a right rib fracture, fractures in his L1, L2, and L3 vertebra, and was in acute

renal failure - a life-threatening, unstable organ failure. He spent approximately six days in the intensive care unit.

25. The actions of the officers were taken under color of state law intentionally and with deliberate and callous indifference to Mr. Schwartz's rights under the Constitution of the United States to be free from the excessive and objectively unreasonable use of force.

## Post-Incident

26. After the incident, the Defendants CCSO and Sheriff Leahy accepted an incident report and statements from each and all of the officers involved in Mr. Schwartz's beating. The officers provided detailed accounts of their use of excessive and objectively unreasonable force against Mr. Schwartz, including the use of "strikes" with knees, elbows, and closed fists to his ribs, abdomen, shoulders, back, and head, and the use of "OC Gel" pepper spray.

27. Despite the descriptions of excessive and objectively unreasonable force detailed by the officers in the incident report and statements, and to the best of Mr. Schwartz's present information and belief, Defendants CCSO and Sheriff Leahy have taken no official remedial or disciplinary action, made no official repudiation of the officers' conduct, or made any effort to counsel and/or retrain the officers involved in the incident.

28. As a direct and proximate result of the intentional and/or negligent actions of each and all of the Defendants, Mr. Schwartz suffered and continues to suffer extreme physical and emotional pain.

## V. STATEMENT OF THE CLAIMS

### COUNT 1: Section 1983
### (Excessive Force)

29. Mr. Schwartz incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. The aforementioned actions of Defendant Officers Gaffney, Oberschlake, Hendershot, Rios, Dunn, Woollard, and Ashley constituted an excessive and objectively unreasonable use of force in violation of Mr. Schwartz's rights secured by the Fourteenth Amendment of the United States Constitution.

### COUNT 2: Section 1983
### (Failure to Protect/Excessive Force)

31. Mr. Schwartz incorporates paragraphs 1 through 30 as if fully rewritten herein.

32. The failure of Defendant Officers Gaffney, Oberschlake, Hendershot, Rios, Dunn, Woollard, and Ashley to protect Mr. Schwartz from the use of excessive and objectively unreasonable force by the other officers under circumstances where they were present and had the opportunity to prevent or mitigate such use of excessive and objectively unreasonable force constituted wanton and deliberate indifference to Mr. Schwartz's constitutional rights as secured by the Fourteenth Amendment of the United States Constitution.

### COUNT 3: Section 1983
### (Excessive Force/Failure to Supervise)

33. Mr. Schwartz incorporates paragraphs 1 through 32 as if fully rewritten herein.

- 8 -

34. Defendants CCSO and Sheriff Leahy had the duty to, but failed to, exercise due and adequate supervision over Defendant Officers Gaffney, Oberschlake, Hendershot, Rios, Dunn, Woollard, and Ashley under circumstances where these Defendants knew, or with reasonable diligence should have known, that these officers posed an unreasonable risk of utilizing excessive and objectively unreasonable force under color of state law against inmates.

35. Such failure to exercise appropriate supervision of these officers reflects the official policy, practice, and custom of Defendant CCSO of deliberate indifference to the rights of citizens to be free from the use of excessive and objectively unreasonable force by members of that department.

36. Such deliberate indifference by these Defendants was the moving force behind the constitutional violations committed against Mr. Schwartz by Officers Gaffney, Oberschlake, Hendershot, Rios, Dunn, Woollard, and Ashley.

## COUNT 4: Section 1983
### (Excessive Force/Ratification)

37. Mr. Schwartz incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Defendants CCSO and Sheriff Leahy have failed to counsel, retrain, or discipline Defendants Officers Gaffney, Oberschlake, Hendershot, Rios, Dunn, Woollard, and Ashley, and/or to take any other reasonably appropriate official measures to repudiate their conduct following an official investigation which revealed indisputable evidence that some or all of the officers used excessive and objectively unreasonable force against Mr. Schwartz. The inaction of Defendants CCSO and Sheriff Leahy demonstrates a position consistent with affirmance of the officers' acts and reflects the official policy,

practice, and custom of these Defendants of deliberate indifference to the use of such excessive and objectively unreasonable force by the members of its department and to the constitutional rights of pretrial detainees to be free from the use of such excessive and objectively unreasonable force protected by the Fourteenth Amendment of the United States Constitution.

39. Such deliberate indifference by these Defendants constitutes the adoption and/or ratification of the excessive and objectively unreasonable use of force by officers under their supervision and served as the motivating force behind the unconstitutional actions of these Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Jared Schwartz demands judgment against Defendants Clermont County Sheriff's Office, Sheriff Robert Leahy, Jeffrey Gaffney, Joshua Oberschlake, Tim Hendershot, Dawn Rios, Sam Dunn, Aaron Woollard, and Michael Ashley and each of them, jointly and severally, as follows:

a. A judgment for compensatory damages for his economic and non-economic injuries in an amount to be determined at trial;

b. A judgment for punitive damages against the individual Defendants in an amount to be determined at trial;

c. A judgment for an award of Plaintiff's reasonable attorney fees and costs;

d. A judgment for such other relief in law or in equity that is appropriate under the premises.

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov_____

        Marc D. Mezibov (OH No. 0019316)
        Brian J. Butler (OH No. 008265)
        Daniel J. Treadaway (OH No. 0098000)
        615 Elsinore Place, Suite 105
        Cincinnati, OH 45202
        Phone: 513.621.8800
        Fax: 513.621.8833
        mmezibov@mezibov.com
        bbutler@mezibov.com
        dtreadaway@mezibov.com

        *Attorneys for Plaintiff Jared Schwartz*

## JURY DEMAND

Plaintiff Jared Schwartz demands a jury trial to resolve issues of fact related to his Complaint.

        /s/Marc D. Mezibov
        Marc D. Mezibov (Ohio No. 0019316)